SAN ANTONIO & ARANSAS PASS RY. CO. v. FRANCIS ADAMS ET AL.
No. 918.

1. **Receiver—Improper Appointment Not Void.**

Where a court has the parties and subject matter before it, and jurisdiction to
appoint a receiver, the mere fact that it appoints an improper person will not
render the judgment void.

2. **Same—Collusive Appointment.**

The selection by the court of a person not properly qualified to act as receiver
of a corporation, because interested in the property, does not make such person the
agent of the corporation, but the fact may be taken into consideration in determin-
ing whether or not the putting of the property into the hands of a receiver was
done by collusion between the parties at interest.

3. **Master and Servant—Charge—Dangers Incident to Employment.**

The question at issue being as to whether the danger incurred by an experienced
brakeman in attempting to couple cars of a certain kind was an extraordinary risk,
not assumed by him as servant, it was inapplicable and misleading for the court to
charge upon the duty of the master to warn an inexperienced servant as to the
dangers incident to the employment.

APPEAL from Lavaca. Tried below before Hon. T. H. SPOONER.

*S. C. Patton,* for appellant.

*H. J. Huck, Jr.,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—The son of appellees was killed
October 29, 1891, while in the service of the receivers of the property of

appellant, and this suit was brought October 27, 1892, against the appellant, seeking to hold it responsible for the damages resulting to plaintiffs. Under the law then in force, receivers of railways were not liable for damages resulting from the death of persons killed through negligence of their employes, and, in order to show a cause of action against the corporation, the plaintiffs alleged that the appointment of the receivers had been secured by the corporation, by collusion with the creditor at whose suit the appointment was made, for purposes of their own, and that such receivers were in charge of the property as the agents of the defendant company when Frank Adams was killed. The pleading setting up the facts relied on to show a liability was excepted to, but no ruling upon the exceptions appears in the record. We are of the opinion that the plea stated facts sufficient, under the rule laid down in Railway v. Gay, 86 Texas, 606, to charge the company with liability for the negligence of the receivers as its agents. But the facts alleged are intermixed with statements of matters of evidence, arguments, conclusions of law, etc., which render it unnecessarily lengthy and prolix. Though we would not reverse the case upon this ground, as there was no ruling on the exceptions, we think it proper, as the judgment will be reversed upon other grounds, to call attention to it and to suggest that the plaintiff be required to replead before another trial is had. Rule 2 for District Courts.

Upon the subject of the responsibility of the corporation for the negligence of the persons acting as receivers, the court charged as follows:

"The power of a court to appoint a receiver being based on the fact of real or imminent litigation between the parties, in which it becomes necessary to take charge of the property by a receiver in order to preserve it for the benefit of all persons interested, therefore the appointment of persons as receivers who are interested in the act of appointment of a receiver, or the appointment of receivers by collusion or fraud of the parties interested in the property, would be in contravention of the law, illegal and void, and in fact and in law said persons so appointed would not be the receivers of said corporation, but would be the agent or agents of said corporation, and said corporation would be liable and responsible for any damages incurred by the negligence of their agent."

The charge gives to "the appointment of persons as receivers who are interested in the act of appointment of a receiver" the effect of rendering void the appointment, and of making the persons so appointed the agent of the corporation whose property is placed in the custody of such receivers. This is obviously erroneous. A court, with the parties and the subject matter before it, has the jurisdiction to make an appointment, and the mere fact that it appoints an improper person as receiver cannot in the nature of things render the judgment void. Nor will such appointment, by itself, have the effect of making the person appointed the agent of the corporation. It is true that by proper appellate proceedings it might secure redress, but if the appointment of receivers is otherwise proper, and there is no collusion between the parties, the selection by the

court of a person not properly qualified to act as receiver does not make such person the agent of the corporation. It is a fact, however, which may be taken into consideration in determining whether or not the putting of the property in the hands of receivers was done by collusion between the parties.

Again, the instruction is rather indefinite where it speaks of collusion between "parties interested in the property." Collusion, in order to have the effect attributed to it in the Gay case, supra, must involve the corporation which is to be held responsible for the act of the receivers, or those controlling or representing it. This defect is perhaps remedied sufficiently for this case by subsequent portions of the charge, but that first noted is not corrected and necessitates a reversal of the judgment. It is urged by appellant that there is no evidence to sustain the allegations of collusion and fraud in the obtention of the receivership, but we cannot say that there are no circumstances which tend in that direction. It is very doubtful, however, whether or not the evidence in the record is sufficient. The presumption is in favor of the fairness of the proceeding, and the burden is on plaintiffs to prove their allegations. As the evidence may be different on another trial, we refrain from commenting upon the facts now before us. The receivership act of 1889 does not make the corporation responsible for such an injury done by receivers. Under that act, before the company taking back the property from receivers is made liable, a liability must have attached to the receivers. The charge upon the burden of proof applied to the facts of this case was correct. Railway v. Bennett, 76 Texas, 151.

The instruction complained of in the fourth assignment of error, while abstractly correct, is not applicable to the facts of this case. It is as follows:

"That where there are hazards or dangers incident to an employment which the master or employer knows, or ought to have known, or could have known by the use of ordinary care and diligence, it is his duty to warn his servant or employe of them fully, and, failing to do so; he is liable for any injury that may be sustained in consequence of such neglect, and this rule applies even where the danger or hazard is patent, if, through inexperience or other cause, the servant or employe is incompetent to fully understand the nature and extent of the hazard."

The deceased was an experienced brakeman, and, as correctly charged by the court, had assumed all the ordinary risks incident to the service. The main question in this branch of the case was whether or not the danger incurred by Adams, in attempting to couple together the two cars with bumpers in each side of the drawheads, was one of such ordinary risks, or was an extraordinary and super-added risk which he had not assumed and was not bound to foresee and protect himself against. There was no question as to the duty of the master to warn an inexperienced servant concerning hazards incident to the service. If this hazard was one ordinarily incident to the service, Adams, being an experienced servant, was bound to know it without warning from the master. On the other

hand, if it was an unusual and extraordinary danger imposed upon the servant, of which he did not know and of which he would not have known by the exercise of such ordinary care as his employment would dictate to a person of ordinary prudence, similarly situated, then it was the master's duty to give him notice of it, unless it was so patent to observation that a person of ordinary prudence, undertaking to make the coupling, ought to have seen it. These views were substantially given in the charge, but the instruction above quoted was inapplicable, and was calculated to mislead the jury.

None of the other assignments are well taken.

*Reversed and remanded.*