### DABNEY v. GORDON PETROLEUM CO. et al. (No. 10828.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 17, 1923.)

**1. Receivers ⬅54—Confirmation of appointment on motion of corporation's creditors held a new appointment, validating appointment on corporation's petition.**

Where a receiver was appointed for a corporation on its own petition, and creditors of the corporation intervened and prayed a confirmation of the appointment, such confirmation was tantamount to a new appointment, and validated the receivership as against the objection that under Rev. St. art. 2154, a receiver could not be appointed on the petition of the corporation itself.

**2. Receivers ⬅64—Court held authorized to appoint successor on resignation of receiver, notwithstanding unauthorized petition by corporation.**

Where a receiver has been regularly appointed for a corporation and has resigned, the court has authority to appoint a successor on its own motion, notwithstanding that the court was reminded of the vacancy by the application of the corporation itself, on the application of which no receiver could be appointed by the express provisions of Rev. St. art. 2154.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by the Gordon Petroleum Company and others against Allen D. Dabney, trustee, and others, wherein Fred Orsini intervened. Judgment overruling defendants' motion to vacate a receivership was entered, and defendant named appeals. Affirmed.

Dabney & Callaway, of Eastland, for appellant.

Burkett, Orr & McCarty, of Eastland, for appellees.

BUCK, J: On August 1, 1923, the Gordon Petroleum Company, alleged and admitted to be a corporation, filed a first amended petition, in lieu of the original petition filed July 25, 1923. In this petition, it alleged that S.

W. Sibley, John Wright, J. D. Wallace, the Liberty Investment Company, a corporation, and others, had at various times loaned plaintiff sums of money, aggregating approximately $180,000; that the defendants required plaintiff to execute notes in amounts largely in excess of the sums borrowed, said notes being made for $287,000; that the difference between $180,000 and $287,000 was usurious interest charged plaintiff by defendants; that these notes were secured by a mortgage on plaintiff's properties; that a sum in excess of $130,000 had been paid by plaintiff to the defendants on the indebtedness; and that plaintiff now owed defendants approximately $60,000, but defendants claimed a balance of approximately $162,000, and that approximately $100,000 of this claimed amount is usury.

Plaintiff further alleged that under the laws of this state a corporation and its president and officers were not authorized to execute and deliver any notes except for money paid, labor done, or property actually received, and that notes purported to have been executed by the plaintiff through its president and now held by the defendants are absolutely void; that the claims of defendants for alleged indebtedness amounting to $100,000 in excess of what plaintiff owed, prevented plaintiff from obtaining money with which to operate and develop its properties, and its creditors are pressing it for the payments of its debts; that plaintiff, but for this alleged void claim for $100,000, could readily pay off its debts and operate and develop its properties. Plaintiff made other parties defendants—the pipe line companies handling its oil, and paying a large part of the proceeds to defendants, certain parties alleged to be illegally claiming the right to certain lease held by plaintiff, and other parties threatening to file claims of some kind against plaintiff's properties.

Plaintiff further alleged that the receiver theretofore appointed, to wit, R. F. Milam, had tendered his resignation. Whereupon, plaintiff asked that defendants be cited, and upon final hearing plaintiff have judgment canceling the claims against plaintiff for said usurious interest, and that it be required to pay only the amount due for money received, to wit, about $60,000, to remove cloud, etc. Pending final hearing, a receiver was asked to take charge of the properties, "and that the court make such other and further orders as the court may deem proper in the premises." The petition was duly verified. On the filing of the petition, the court accepted the resignation of R. F. Milam, as receiver, and Frank A. Judkins was appointed receiver in his stead.

On August 30, 1923, Fred Orsini filed his plea of intervention, setting up the fact that between July 26th and August 18, 1923, he had performed and furnished labor of the

value of $84, which plaintiff agreed to pay, and that plaintiff had failed and refused to pay said amount, and on August 27, thereafter, intervener had filed with the county clerk of Eastland county, the county of plaintiff's domicile, a verified statement of account claiming a lien upon certain property belonging to plaintiff. Wherefore intervener prayed that he have judgment for his debt and for a foreclosure of his lien.

On September 13th, Fred Orsini and four others filed their motion, alleging that they were lien creditors of plaintiff. They further alleged:

"That the properties of the plaintiff consist in large part of oil and gas lease drilling and producing properties, and that to conserve, protect, and preserve said properties it is essential that they be given constant and careful work and attention, and that it is necessary that a number of men be employed in and about said properties to conserve, protect, and preserve them.

"That in order to have the property and its revenues forthcoming to whomsoever may be entitled thereto, it is necessary that they be preserved and conserved by this court through a receiver.

"That, as is manifest from the records of this court, this court did heretofore appoint Frank A. Judkins receiver of all the properties and effects of the plaintiff Gordon Petroleum Company, as shown by order herein of date August 1, 1923, and that the said Judkins qualified as such receiver on the 1st day of August, 1923, and continuously since has been acting as such receiver, and as such receiver has held custody, possession, and control of all said properties for this court.

"Wherefore interveners pray that the court now enter order confirming in all things the order heretofore made on August 1, 1923, appointing said Judkins as such receiver and continuing the said Judkins as such receiver, and for such other and further relief as the court may deem proper to grant."

Upon the filing of this motion, the trial court, on August 3d, entered an order confirming the appointment of Frank A. Judkins as receiver, the order reciting the appointment of the receiver on August 1st, and that "by said order the court appointed the said Judkins as such receiver on the court's own motion, in addition to the plaintiff's application for the appointment of a receiver," and that said Judkins had qualified and acted as such receiver since said appointment. Wherefore the court confirmed the previous order of appointment of a receiver.

On September 6th, Allen D. Dabney, trustee, and one of the defendants, filed a motion to vacate the receivership, upon the sole ground that under article 2154, Rev. Civ. Stats., the law prohibited the appointment of a receiver for a corporation upon its own application, and that the court had no jurisdiction to make said appointment upon said application.

On September 7th, the interveners, Orsini et al., filed a reply to the motion to vacate the receivership, in which they alleged that interveners and other creditors of plaintiff had come into court and recognized said receivership, and that each of the interveners by their pleas and the acceptance of the receivership had shown that they were entitled to ask for the appointment of a receiver, and that each of the interveners had participated in the receivership proceedings and received benefits thereunder since the appointment. They further alleged that more than 20 days had elapsed between the appointment of a receiver and the filing of the motion to vacate, and that said Dabney, trustee, had participated in the receivership proceedings and had received benefits thereof. Wherefore, on September 7th, the court overruled the motion to vacate, and in said order said:

"That at the time of the filing of this suit, there existed a necessity for the appointment of a receiver to take possession and management of the property of the Gordon Petroleum Company; that such necessity has continuously since said time existed and continues to exist; that the appointment of the present receiver was made on the 1st day of August, A. D. 1923, and the motion to vacate said receivership was filed herein more than 30 days after such appointment; that if there was any want of authority in said court to make its appointment of the receiver, at the time it was made, thereafter certain lien creditors of the Gordon Petroleum Company, by a proper plea in intervention herein, requested the confirmation of such appointment and the continuation of said receivership, which has been done by due order of this court heretofore; and that any possible vice or defect in the appointment of said receiver, in the first place, is thereby obviated and rendered of no importance by the subsequent action of this court, upon proper application, and having jurisdiction to do so, continuing said receivership.

"The court concludes that its order appointing a receiver herein was not void, but if there was any vice or defect therein that same was at most voidable; that 20 days' time for appeal or motion to vacate same having passed without such appeal or motion to vacate, the motion afterwards filed comes too late; and further concludes that any want of authority to make the appointment of the receiver in the first instance has been fully cured and obviated by the petition of interveners herein requesting the continuation of the receivership and the order granting same, and confirming the original appointment."

Allen D. Dabney, trustee, has appealed.

Prior to the discussion of the questions of law involved in this case, we wish to say that the appellant has filed in this court only three copies of his brief, none of which is the original. The carbon copies are dim and trying on the eyes of the judges to read. Under rule 36, provided by the Supreme Courts of Civil Appeals, four copies of the briefs of parties should be filed in this court, one of which, at least, should be an original. When we discovered that there was not an original copy

of appellant's brief on file, we had the clerk of the court write attorneys for appellant to file an original copy, but so far we have not received it. It is to the interest of litigants before this court to have their briefs prepared so that they can be read with ease.

Article 2154, Rev. Civil Statutes, does provide that—

"No receiver shall ever be appointed of any joint stock, incorporated company, or of any copartnership or private person, on the petition of such joint stock, incorporated company, partnership or person."

The writer believes that the authorities sustain the conclusion that when an appointment is so made it is not void, but merely voidable. The United States Supreme Court, in Q. M. & P. R. Co. v. Humphreys, 145 U. S. 82, 12 Sup. Ct. 787, 36 L. Ed. 632, 636, in an opinion by Chief Justice Fuller, held that the fact that an application for receiver of a railroad company was made by the company itself, though evidently on behalf of its creditors, did not make an appointment thereon null and void. We think this case is applicable to the one at bar. Moreover, article 2129 Rev. Statutes, says no party, attorney, or any person interested in any way in an action for the appointment of a receiver shall be appointed therein. Yet, in S. A. & A. P. Ry. Co. v. Adams, 11 Tex. Civ. App. 198, 32 S. W. 733, 'the court held, in an opinion by Judge Williams, that the fact that the person so appointed was interested in having a receiver appointed did not make the appointment void. See, also, James v. Roberts Tel. & Elec. Co. (Tex. Com. App.) 206 S. W. 933, approved by the Supreme Court, to the same effect; 34 Cyc. 149, and cases cited under note 47; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501, by the Supreme Court. The trial court had the inherent power on his own motion to appoint the receiver, and declared in his order that he did appoint Frank A. Judkins on his own motion, in addition to the petition of the plaintiff. However, the majority do not think the decision of whether an appointment of a receiver, made on the application of the corporation, sought to be placed in the hands of a receiver, is void or merely voidable is necessary to be decided in this case, and hence do not so decide.

[1] Moreover, Orsini and other parties intervened, and, in effect, adopted the prayer for petition, filed by plaintiff, and asked that said order of appointment be confirmed. The appointment under the plea of confirmation, under the circumstances of this case, was tantamount to a new appointment, and we believe is valid. See Southwell v. Church, 51 Tex. Civ. App. 547, 111 S. W. 969.

[2] Furthermore, it is urged by appellee that, since the appointment was not void but merely voidable, and since appellant failed to appeal from said order of appointment with-

in 20 days from the entry of such order, as provided by article 2079, Rev. Statutes, appellant waived any irregularities in the appointment. James v. Roberts Tel. & Elec. Co. (Tex. Com. App.) 206 S. W. 933. Be that as it may, we think the trial court, upon the resignation of receiver Milam, who the record fails to show was appointed on the application of plaintiff, undoubtedly had the authority to appoint his successor upon his own motion, and, though the court was reminded of the vacancy by the application of plaintiff, such fact did not deprive the court of the power to appoint his successor upon his own motion.

"The court may, upon his own motion, appoint a receiver when the case requires it." 34 Cyc. 107 (4); Elk Fork Oil & Gas Co. v. Foster, 99 Fed. 495, 39 C. C. A. 615.

See Daniel's Chancery Pleading and Practice (Perkin's Ed.) 1426; Thompson on Corporations, vol. 5, par. 6880; Sage v. Railroad Co., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694; Rev. Stats. art. 2128; West v. Herman, 47 Tex. Civ. App. 131, 104 S. W. 428, 432.

Upon the whole, we conclude that the trial court did not err in overruling appellant's motion to dissolve, and the judgment below is affirmed.