Leland FIKES et al., Appellants,

v.

Waldo W. PORTS, Receiver, Appellee.

No. 16469.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 6, 1963.

Rehearing Denied Jan. 10, 1964.

Gene Lary, Dallas, Prothro & Sellers and Lee Sellers, Wichita Falls, for appellants.

Dawson & Penix, Arch Dawson, Rogers, Eggers, Sherrill & Pace and Guy Rogers, Wichita Falls, for appellee.

MASSEY, Chief Justice.

In the trial court was initiated a summary proceeding, at the instance of the receiver of an estate, the objective of which was to subject certain real property not in possession of the receiver to the administration of the receivership estate. Incident thereto the individual who was in possession of the property and the corporation which held record title to the same, under and by virtue of a conveyance made under authority of a deed of trust, were sought to be divested thereof.

Language of the instrument filed in the receivership proceedings, read as follows: "The Receiver requests the Court to issue notice to Leland Fikes and Trans-Southern Corporation, both domiciled in Dallas County, Texas, to appear herein and show cause why the Trustee's Deed to the corporation should not be voided and the property turned over to the Receiver with the proceeds of production distributed to claimants herein as their interests and priorities appear." We take occasion to note that no citation was ever issued or served upon Fikes or Trans-Southern.

Pursuant to a hearing held before the court on a motion to show cause which issued under the direction of the court, based upon the "request" so referred to, a "judgment" was rendered by the trial court, part of which decreed that the conveyance of the property in question was totally void and therefore annulled, set aside, and held for naught,—and the title and interest thereto divested out of Trans-Southern Corporation and vested in the receiver. Another part of the decree required Leland Fikes to make an accounting of the fruits and profits realized from the property in question and the operations conducted thereon, and to deliver same over to the receiver, although Fikes was allowed to remain in possession.

Fikes and Trans-Southern appealed.

We have concluded that the entire proceedings in the trial court were and constituted a nullity in so far as the same might be understood to have had any effect upon the right, title and interest in and to the property in question.

In view of the nature of the summary procedure there never came into existence any "cause of action pending" as against Fikes and Trans-Southern, or either of them, which clothed the trial court with authority to act, or to even consider the matter of proper venue for action upon the merits, in connection with the controversy which no doubt does actually exist between the parties, although not yet become a matter in litigation. Particularly is this evident when it is observed that the decree of the trial court purported to adjudicate a disputed title to real estate, which, incidently, was not described sufficiently to enable any officer to place the receiver in possession, had that been directed by decree.

The catalyst which stimulates the judicial process to action to enforce or to protect the rights of a complainant is expressed as a concept: the litigious controversy. Our judicial system rests upon the foundation of adversary presentation, which affords a theoretical guarantee that the diligent antagonists, by developing all aspects of the dispute, will prevent the court from being misled by inadequate understanding of the facts and law, into a position unjust to the parties before it and possibly damaging to the community. Therefore, before the court will act, there must be tendered for settlement a situation where the court may say that " 'The complainant asserts rights which are challenged by the defendant and presents for decision an actual controversy to which he is party, capable of final adjudication by the decree to be rendered.' " McDonald, Texas Civil Practice, p. 124 "Actions", § 2.01, "The Litigious Controversy". The instant situation is not one concerning which such might be said.

Continuing, (on pages 126 and 127) Mr. McDonald says: "A court will adjudicate a civil action only when the conflicting claims of two or more actually adverse parties involved a mature, presently existing dispute, * * * concerning specific legal rights and relations of the parties, with reference to a subject matter within the general judicial power, *and within the prescribed jurisdiction of the particular tribunal. * * *"* (Emphasis supplied.) In this connection we take note that the receivership proceeding is one in equity, wherein the court acts in personam rather than in rem; where the court, under general rules, can interfere with a legal title of any description only where there is some equity by which it can affect the conscience of a party defendant. Further, we take note that the location of the property, title as to which was purportedly adjudicated by the decree of the court, "on motion" (the form of which was not for judgment—as in our well understood Motions For Summary Judgment), was in a county other than that of the suit, a matter pointed out to the court by instrument filed by Fikes and Trans-Southern.

On page 186, "Parties", under § 3.04, "The Defendant", Mr. McDonald says: " * * * a person is not deemed to be before the court as a defendant when he is named merely as a nominal party, no relief is sought against him, and no service is attempted upon him." It is obvious that such a party is not before the court for any adjudication against him if he is not even a nominal party, and that in such an instance a decree therein is a nullity so far as his estate's interests are concerned.

In a leading case where the question determined was analogous it was held that a trial court had no power to enter an order on summary proceedings, the effect of which would be to deliver into the hands of a receiver property in the hands of a stranger to the (receivership) record claiming adversely; that everyone is entitled to his day in court, and that summary proceedings are not suitable to try conflicting claims of title. Ex parte Renfro, 1925, 115 Tex. 82, 273 S.W. 813, 40 A.L.R. 900. The question is annotated in A.L.R. following the publication of the opinion.

For the reasons stated, we have concluded that the proceedings undertaken in the trial court, at every stage, were and constituted complete nullities, without force and legal effect from the time the receiver filed his motions for Fikes and Trans-Southern to appear and "show cause". Thereupon, and as to proceedings subsequent, the trial court entered its order of severance. The effect thereof leaves undisturbed the proceeding in receivership and all matters relative thereto other than as arisen pursuant to that summary action against Fikes and Trans-Southern which is the subject matter of the appeal and of our discussion. In other words

action by this court reversing the (purported) judgment below and dismissing the proceedings giving rise thereto would have no effect upon the receivership and the administration thereunder.

Accordingly the (purported) judgment is reversed and judgment is here rendered dismissing the proceedings heretofore taken by the receiver against Leland Fikes and the Trans-Southern Corporation.