**KING LAND AND CATTLE CORPORATION et al., Appellants,**

**v.**

**Leland FIKES et al., Appellees.**

**No. 16804.**

Court of Civil Appeals of Texas.

Fort Worth.

March 3, 1967.

Rehearing Denied March 31, 1967.

Guy Rogers, Nelson & Sherrod, Walter Nelson, and Arch Dawson, Wichita Falls, for appellants.

Prothro & Sellers, Wichita Falls, Gene Lary, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

Reference is made to our prior opinion styled Fikes v. Ports, 373 S.W.2d 806 (1963, writ ref., n. r. e.). Pursuant to our action in dismissing the proceedings theretofore taken as against Leland Fikes and Trans-Southern Corporation by the receiver of King Land and Cattle Corporation under proceedings pending in the district court of Wichita County, Fikes and Trans-Southern were made formal parties to the receivership action. They filed pleas of privilege to have the case against them removed to Young County. By agreement of the parties and the court an order was entered in accord with their desires.

The order of transfer read "the cause of action asserted by the plaintiff and the

Receiver herein against the said defendants Trans-Southern Corporation and Leland Fikes, drawing in issue the title to the oil, gas and mineral leases in Young County, Texas, described in the Plaintiff's first amended original petition, be, and the same hereby is severed from this cause and the venue of such severed cause is changed and the same is hereby ordered transferred to the District Court of Young County, Texas, which is the proper court."

In Young County trial was held before the court without intervention of the jury. In Wichita County there was a change of receivers and Ralph E. Waggoner succeeded Waldo Ports as Receiver for the King Land and Cattle Corporation.

As we view the matter proper to be considered as tried in the district court of Young County such was the issue of title to certain undivided mineral interests in realty therein located, though the form of the proceeding was other than that of a trespass to try title case. All parties seem to have tacitly conceded that if the subject property was *in custodia legis* under the March 6, 1961 receivership of the King Land and Cattle Corporation—as of the time of sale thereof on July 4, 1961, by trustee under deed of trust—no transfer of title was effected and it was and remained a part of the realty in and to be administered under the proceedings in receivership; but if the contrary was true, i. e. it was not—at time of the sale—a part of the receivership property *in custodia legis*, the title vested in Trans-Southern Corporation as result of the purchase at trustee's sale. If the receivership proceedings were void, in toto or as applied to the subject property, the property would not have been *in custodia legis*.

Judgment was rendered for defendants Fikes and Trans-Southern Corporation. An appeal was taken by King Land and Cattle Corporation, and its receiver, Waggoner.

Reversed.

There are no findings of fact and conclusions of law in the record. The judgment does not disclose the theory under which the trial court made its decision.

It appears to us that a preliminary question to be resolved is whether Fikes and Trans-Southern Corporation were entitled, as they contend, to make a direct attack on the propriety and effectiveness of the receivership proceedings. It seems that no bond was ever filed by the applicant for the appointment of a receiver for King Land and Cattle Corporation. Furthermore, the original application for such appointment was made by that corporation. The proceedings were not ancillary to any other independent cause of action. Prior to entry of the order appointing a receiver for said corporation (by the Wichita County district court) two of its creditors joined in the application for such appointment, though the pleadings of such creditors nowhere alleged any lien to have attached to its property. No pleading before the district court of Wichita County specifically described the particular properties in Young County over which title issues were raised, and the original petition for appointment of receiver merely referred to property sought to be cast in receivership as: "On or about the 25th day of February, 1960, by instrument recorded in * * * Volume 362 at Page 224, of the Deed Records of Young County, Texas * * * Roy H. King transferred, assigned, conveyed and delivered unto King Land and Cattle Corporation various leasehold interests in various oil and gas leases as well as personal property, the extent, nature and amount of which is fully set out in such instrument so recorded and to which reference is here made for all purposes." Roy H. King was named as a party defendant in the original petition. The order appointing a receiver merely referred to the Petition for the Appointment of a Receiver for designation of the property for which the appointment was made, with additional reference made to the same volumes and pages of the records in the several counties. By publication in

Young County the legal notice recited: "Notice is hereby given to all persons, firms and/or corporations having a lien upon or claim against property described in an Assignment from Roy H. King to King Land & Cattle Corporation on February 25, 1960, and to all creditors of either of such parties to such Assignment to file in the 78th District Court of Wichita County, Texas, in Cause No. 67,200–B, a verified statement of their debt, lien, interest and/or other claim against such property on or before 130 days from March 13, 1961. Failure so to file will prevent any unfiling claimant from participating in the Receivership assets. /s/ Waldo W. Ports, Receiver."

Established in the evidence was the fact that both Fikes and Trans-Southern Corporation at all material times actually knew of the fact of the receivership and that the subject property in Young County was a part of that embraced in the deed of February 25, 1960. Such property was properly described therein. Fikes' mortgage was prior in time and from Roy H. King. Trans-Southern's interest in the subject property, if any, had not accrued as of March 6, 1961. Trans-Southern became an interested party upon effecting a purchase at the later held Trustee's sale. However, both parties were at all material times aware that all other interested persons, firms and corporations were treating and considering the property as part of that sought to be cast and/or cast in receivership and that it was included in the assignment of February 25, 1960.

■ Reverting to the subject matter set out in the next preceding paragraphs, those matters are noticed of which Fikes and Trans-Southern sought to avail themselves on trial in the district court of Young County under the contention that they were not confined to a collateral attack upon the orders of the receivership court. They claimed that they were entitled to make a direct attack thereupon. In this connection we deem it worthy to note that the record is silent as to whether either of them have

ever filed any motion to vacate the appointment of receiver in the district court of Wichita County. We do know from the record before us that neither ever filed such a motion in the district court of Young County. To have filed such in Wichita County would have been procedurally correct, Texas law providing for an appeal from an order refusing to vacate the appointment of a receiver despite the fact that such is interlocutory. Vernon's Ann. Tex.Civ.St. Art. 2250, "Appeal from interlocutory order". We believe that it would only be in instances where such a motion were made and overruled, with timely appeal therefrom taken, that an appellate court would have jurisdiction to examine into the question of propriety of the order refusing to vacate. We furthermore are of the opinion that it would be only in such an instance that the matter of propriety of the appointment of a receiver could be considered as raised by direct attack. The same thing would apply to matters preliminary to such appointment. An attack upon such in any other court would necessarily be collateral.

■ A receivership proceeding is equitable in its nature. It is neither an action *in personam* nor *in rem,* but rather an action *quasi in rem* and subject to consideration under the rules relating to such. Equity seizes upon the transaction and the chancellor totally administers and makes complete disposition of the controversy. Equity regards as done that which ought to be done and regards substance rather than form. With such principles in mind the situation obtaining in the district court of Wichita County is properly viewed. Such court could, as it did in this case, transfer matters ancillary to receivership administration to another jurisdiction for determination. No part of that court's responsibility in relation to the receivership, as such, was intended to be transferred to Young County when the plea of privilege was sustained. Nor would it have been proper to have done so and split the receivership, as such, into segments. In the district court

of Young County Fikes and Trans-Southern were privileged to attack the validity and effectiveness of orders entered by the district court of Wichita County, but in so doing they were confined to a collateral attack. That court was not entitled to disregard orders of the other except upon a determination that they were void.

■ As a collateral attack the contentions made by Fikes and Trans-Southern Corporation must be held to have failed. They did not attempt to introduce any evidence relative to the proof before the district court of Wichita County when the receiver was appointed. It would not have been proper to have received and considered such had it been tendered. Relative to the question of jurisdiction of the court in Wichita County elements of which advantage is sought to be obtained could have been cured by such court if properly raised therein. Assuming impropriety of the appointment of the receiver because the receivership proceedings were original and not ancillary, such is not to be taken advantage of on collateral attack since the error is not one with respect to the court's jurisdiction. Spence v. State Nat. Bank, 5 S.W.2d 754 (Tex.Comm.App., 1928). We may not, in any event, disregard the fact that before the receiver was appointed other parties had appeared and joined in application for such appointment.

■ We will take particular note of the fact that neither King Land and Cattle Corporation (which filed the original Petition for Receiver) nor any creditor who joined in the request for such appointment prior to entry of the Order Appointing Receiver ever filed the requisite bond. Texas Rules of Civil Procedure, Rule 695–a. "Bond, and Bond in Divorce Case". In instances of direct attack it has always been held that such a bond is essential to the appointment of any receiver. See O'Connor v. O'Connor, 320 S.W.2d 384, 391 (Dallas Civ. App., 1959, writ dism.); Greenland v. Pryor, 360 S.W.2d 423 (San Antonio Civ.App.,

1962, no writ), and cases cited. Without specifically so stating it appears that Justice Young, author of the opinion in O'Connor v. O'Connor, understood that upon a reversal of the case because of the failure to give such bond the proper order would be one of remand so that the "oversight" could be corrected by the trial court. The purpose of such a bond is to secure the payment of all damages which might be sustained by reason of the appointment of a receiver, and furnishing such—though mandatory—is not a jurisdictional requirement, at least as applied to receiverships with notice as in the instant case. Such a bond must be made, as a condition precedent to the right of the receiver to function as such, and upon direct attack a complainant may compel the remedial action indicated, to-wit: the filing of such bond. But an order appointing a receiver cannot be attacked collaterally on the ground that the applicant for the receivership was not required to give bond. 75 C.J.S. Receivers § 89, p. 732 "—Collateral Attack"; Strother v. McCord, 222 Ala. 450, 132 So. 717, and cases therein cited from other jurisdictions in which statutes have made the filing of such a bond mandatory.

The district court of Wichita County having had jurisdiction and Fikes and Trans-Southern Corporation having at all material times had actual notice of the receivership proceedings and that the subject property in Young County was a part of the property referred to in the Order Appointing Receiver (albeit not sufficiently described were rules applicable to law courts controlling) they necessarily found themselves in a position where they could hold the subject property only upon the theory that some order of the district court of Wichita County effectively removed the property out of the receivership, i. e. made it property not covered by the receivership (other than *in custodia legis*),—or, in the alternative effectively authorized Fikes' right to foreclose his mortgage lien by sale under authority of the deed of trust.

In the alternative Fikes and Trans-Southern Corporation made both contentions. We have already noticed that the Order Appointing Receiver designated the subject property as a part of that *in custodia legis* by reference. Such reference was: "all interests, if any, of the parties to this suit, in and to the properties described in Plaintiff's Original Petition, being those identical properties described in an assignment from Roy H. King to King Land & Cattle Corporation on or about 25 February, 1960, recorded in * * * Volume 362 at Page 224 of the Deed Records of Young County." The order copied (apparently from the petition) the volumes and pages of the deed records of various counties wherein the assignment was recorded.

In the body of the order it was further provided: "All persons, firms and/or corporations are hereby enjoined from proceeding to levy upon or otherwise interfering with the receivership's exclusive possession of such property until final judgment of this Court.

" * * *

"No lien, claim or other security concerning any property affected by this receivership shall in any manner be affected by this order nor shall any party's failure to oppose the appointment of a Receiver, his consent thereto, or his procurement thereof constitute waiver of any lien, claim or right."

■ Under general principles according to good reason and sound public policy a sale of real estate over which a receiver has been appointed—by anyone other than the receiver or under his authority—is illegal and void. Ellis v. Vernon Ice, Light & Water Co., 86 Tex. 109, 23 S.W. 858, 862 (1893). To construe the language quoted from the body of the Order Appointing Receiver so as to accord with the theory of Fikes and Trans-Southern Corporation would be to defeat the purpose of receivership. It would be unrealistic to so construe the language as to cause it to extend to preservation of right to remedies as well as to merely preserve lienholders' rights.

■ Our holding, therefore, is that the language of the order did not authorize Fikes to have the property sold under trustee's deed. Trans-Southern Corporation was not an innocent purchaser.

■ We have already held that the proceedings in the district court of Wichita County, having the characteristics of an equitable proceeding, and of which both Fikes and Trans-Southern had actual knowledge—and knew and understood that the subject property was a part of the property cast *in custodia legis* pursuant to receivership proceedings—were bound to honor such status as applied to the subject property despite the somewhat inadequate property description in the Order Appointing Receiver.

The trial court erred in rendering judgment. In so far as the case existed on the record made in said court the trustee's sale of the subject property in Young County was illegal and void and had no effect upon the title thereto as it existed immediately prior. Our judgment is one setting aside that of the trial court and declaring that it remained property *in custodia legis* because of the receivership, the legal title being in King Land and Cattle Corporation.

Reversed.

### ON MOTION REHEARING

On rehearing our attention is directed to the fact that a part of the Receiver's relief prayed for, and to which he is entitled in view of our decision relative to title, is an accounting of profits from the leases in question.

Accordingly the judgment of this court is one of reversal, with the cause remanded to the trial court for action upon the accounting.