Leland FIKES ESTATE et al., Appellants,

v.

KING LAND AND CATTLE CORPO-
RATION et al., Appellees.

No. 16989.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1969.

Rehearing Denied March 14, 1969.

Prothro & Sellers, Wichita Falls, Gene Lary, Alvord, for appellants.

Dawson & Penix, and Arch Dawson, Wichita Falls, for appellee, receiver.

Guy Rogers, Wichita Falls, for appellee, King Land & Cattle Corp.

## OPINION

MASSEY, Chief Justice.

Leland Fikes died subsequent to dates of the opinions of this court in Fikes v. Ports, 373 S.W.2d 806 (1963, writ ref. n. r. e.) and King Land and Cattle Corporation v. Fikes, 414 S.W.2d 521 (1967, writ ref. n. r. e.). His place in material litigation, including that which is the subject of this opinion, has been taken by successors in interest. Nevertheless we will use his name just as was done in the prior opinions in what is written herein. Furthermore, since as applied to the instant litigation the interest of Trans-Southern Corporation is derivative from Fikes we will ignore the fact of its presence and interest in the appeal in a simplification of our text.

The appeal is from an order of the trial court overruling Fikes' Motion to Vacate the Receivership ordered March 13, 1961 by the District Court of Wichita County. Number and style thereof was: No. 67,200–B, King Land and Cattle Corporation v. Producers Chemical Company, et al.

■ Trial proceeded upon the wrong theory in the court below. Decree rendered by the court in denial of Fikes' motion was upon a faulty premise. We cannot take judicial notice of evidentiary matters in our records upon the prior appeals of cases where the records therein were not from the same case (Cause No. 67,200–B). State v. Savage, 105 Tex. 467, 151 S.W. 530, 533 (1912). We hold, however, that the issues of this case are to be resolved as a matter of law. As so resolved we have concluded that the trial court was correct in its denial of the Motion to Vacate Receivership.

Affirmed.

Condensing the voluminous notes accumulated in the process of casting the case in its proper setting we will abbreviate what is said in this opinion insofar as we are able, in what we hope will be a proper display of it. Initially we will state that we believe that in the decision of the instant case the fact of the occurrence of the prior trial in the District Court of Young County may be disregarded save in the single respect hereinafter mentioned in the concluding paragraphs of this opinion. It

was a different case under a different trial court number. The opinion is that at 414 S.W.2d 521.

The fact of the occurrence of the prior hearing in the District Court of Wichita County may also be disregarded. It was a different case under a different trial court number. Our opinion on the appeal therefrom is that at 373 S.W.2d 806. Our statement requires some elaboration. The appeal taken in that case had relation to Cause No. 71,740–B, on the docket of said court (at least by time of judgment entry), a cause under whose number and style subject matter intended to be litigated and purported to have been litigated was whether a certain conveyance of realty made by Fikes was totally void and therefore to be properly annulled, set aside, and held for naught, with title thereto declared a part of the property in receivership (in Cause No. 67,200–B),—and whether accounting from the profits derived therefrom by Fikes, who was in possession, should be made to the receiver. On the appeal (373 S.W.2d 806) we concluded that the proceedings in the trial court, properly considered as under No. 71,740–B, constituted a nullity insofar as they might (as against Fikes) be considered to have had any effect upon the right, title and interest in and to the property in question.

We did not intend, nor did we anticipate, that the court or the parties would deem our action to have any effect upon any matter pending on the docket of the same trial court under Cause No. 67,200–B (from which Cause No. 71,740–B and its issues were severed). We never acquired jurisdiction thereof. Had we attempted entry of judgment granting any motion of Fikes in Cause No. 67,200–B it would have been void and subject to collateral attack. Nothing had then been trial to finality under Cause No. 67,200–B so as to create a predicate for an appeal. That was the receivership case, wherein Fikes had filed, on October 3, 1962, his original Motion to Vacate Receivership. For purposes thereof Fikes, from that date, was before the court

—at least as intervenor—in Cause No. 67,200–B. Hearing upon such motion was not had, nor could it have been, under Cause No. 71,740–B. It is true that on the appeal taken from the trial court's judgment therein one of Fikes' points of error complained that the trial court erred in overruling his Motion to Vacate Receivership. We concluded that there was. no relevance of the assignment to the case on appeal. Nothing in our opinion mentioned our conclusion; though it is now obvious that it would have been helpful to the parties had we done so. We did state that the trial court's action (in Cause No. 71,-740–B) should be considered as null and without force and effect.

In both fact and law Fikes' Motion to Vacate Receivership was and remained a "motion pending" among the papers of the receivership action. That Cause Number was 67,200–B, in which—for the first time and on May 24, 1968—there were proceedings which could be made the subject of appeal. The proceedings in question constituted the hearing and trial upon Fikes' Motion to Vacate Receivership. These are the proceedings here and now before us, on appeal brought by Fikes. In any consideration thereof it is obvious that it is cast before the court in a supposition that the receivership did in fact purport to include property or property rights to the improper prejudice of Fikes; otherwise Fikes would not possess a justiciable interest entitling him to complain of an existence of the receivership. Fikes' objective is to free the property or rights on the theory that because of a want of jurisdiction the property was never properly considered as *in custodia legis*. Complaint is that the trial court erred in overruling Fikes' Amended Motion to Vacate Receivership.

Such Amended Motion to Vacate Receivership was filed March 25, 1968, purporting to be an amendment of the original Motion to Vacate Receivership filed October 3, 1962.

■ As we view the record the amendment was and should be considered as an amendment of the original motion which Fikes had allowed to lay among the papers of Cause No. 67,200–B from the date of its filing—without urging it or in any event without taking steps for it to be heard— up to time of his amendment thereof in 1968.

Considering the state of the record, as made and in effect at time of the hearing on May 24, 1968—from judgment pursuant to which the present appeal has been brought—we have arrived at the conclusion that the Amended Motion to Vacate Receivership was properly before the trial court as an amendment of Fikes' original motion, and that no attack thereon had been made, as of such time, which would entitle the court to consider that the motion was not properly before it for action. There was no circumstance which made of it a collateral rather than a direct attack upon the validity of the receivership; or that the defenses plead—and asserted against Fikes' claim of right to be heard—presented valid grounds for a refusal to consider the motion on its merits.

Of course it does not follow, from such conclusion, that this court should grant the relief for which Fikes prays, i. e. a vacation of the receivership. Indeed, we are of the opinion that such relief was properly denied, albeit for reasons not mentioned in the trial court's decree.

■ Conceding that Fikes is correct in his contention that because the petition and order of the court appointing a receiver were in contravention of Article 2318, R.C.S.1925, "Application for receiver", prohibiting the appointment of a receiver for a corporation upon the petition of the corporation itself, it would nevertheless be permissible to consider the appointment validated despite the inhibition of such statute and tantamount to a proper or new appointment upon proper grounds where, as actually occurred in this case, creditors of the corporation intervened and prayed

for such appointment, or for confirmation of the appointment. Dabney v. Gordon Petroleum Co., 258 S.W. 837 (Fort Worth Civ.App., 1923, no writ hist.). The voidability existent—before the interventions and accompanying prayers by the intervenors—might be said to have thereby become removed as ground for a successful direct attack.

■ For like reason the availability of another of Fikes' asserted grounds for vacation of the receivership is removed. His complaint is that because the application for receivership by King Land and Cattle Corporation was not ancillary to any other cause of action the appointment of any receiver was improper as the entire receivership proceedings would be invalid. It was not only for the appointment of a receiver but for relief as applied to which the appointment would be ancillary that the intervenors aforementioned prayed, either as such or as cross-plaintiffs in the suit as originally filed, they having been named and cited as parties thereto. Woodward v. Smith, 253 S.W. 847, 852 (Austin Civ.App., 1923, no writ history). The receivership could not be invalid for the reason asserted and the appointment of the receiver would be in accordance with rules of law or usages of equity.

(In our statements hereinabove concerning the presence of intervening creditors we have referred to the record we had under consideration at time we rendered our opinion at 373 S.W.2d 806. As we recall we were invited to do so by the parties upon oral presentation. Even if to do so would be improper, nevertheless—Fikes not having brought up the record of such pleadings of the aforementioned creditor intervenors—it would be proper for us to suppose that the pleadings of such creditors did contain prayers for such relief since the record shows they were made parties originally.)

■ At page 525 of our opinion in King Land and Cattle Corporation v. Fikes at

414 S.W.2d 521 we held that error because of an absence of the bond which is requisite upon the appointment of a receiver,—a condition prerequisite to right of the receiver to function as such,—would be remedied by the filing of such bond. After the time of our opinion, and before the trial of the proceeding which is the subject of this appeal, the defect (applicable to such appointment under Cause No. 67,-200–B) was remedied and a bond filed. Fikes would not be entitled to have the receivership vacated because of any failure in respect to the bond, a condition which did not exist at time of the hearing.

■ It occurs to us that in connection with one premise and ground upon which Fikes seeks vacation of the receivership he must be considered as before the court "confessing" that the court erroneously holds his property as *in custodia legis* and that he is entitled to a release of it therefrom because of his entitlement to "avoidance". Such issue, on his entitlement to that "avoidance", would be a truly adversary proceeding between him and the receiver—one wherein he would be seeking to "take away" from the receiver property held by him because of an absence of entitlement thereto rather than because of want of authority to act as an agent.

■ As applied thereto the doctrine of *res adjudicata* would have application in view of our prior judgment in King Land and Cattle Corporation v. Fikes, at 414 S.W.2d 521. In Fikes' motion he set out as one ground and reason to vacate the receivership as follows: "That no property with respect to which the receivership was granted was described in the order of this court appointing the receiver."

■ Even under Fikes' own theory he could only prevail by establishing that the property in which he has interest never comprised part of the property cast in receivership. Under our view he could not show an entitlement to have the receivership vacated, even under an assumption that he could successfully show that his property comprised no part of the receivership property. Making such proof, if possible, would not give him a justiciable interest in annulling the entire proceedings. Certainly would we be correct unless such property was the only property which could have been intended to be cast in receivership. Here Fikes' asserted interest would not be the only property for there was other property, in which he had no interest, which was undoubtedly cast in receivership. Those with interests therein had so agreed. As resolved at time of the hearing it would not be Fikes' interest in and to real property itself which would be matter over which an adjudication would be permissible (for the title thereto was resolved pursuant to our opinion in 414 S.W.2d 521), but merely his interest in and to personalty, i. e. the revenues which were fruits from the operation of such real property.

In any event, as applied to the ground discussed, Fikes could only prevail by establishing that the Young County properties were never properly *in custodia legis,* for if he could not establish such he would be unable to sustain any assertion of right to retain the revenues flowing therefrom. But this he is foreclosed from showing because the dispute relative thereto would necessarily be between himself and the receiver acting as agent for the receivership. He is foreclosed from any new adjudication upon such issue under the legal principle of *res adjudicata,* applicable because of the trial and final resolution of the question pursuant to which we rendered our opinion at 414 S.W.2d 521. The trial in Young County was intended to, and did, settle that issue. He may not maintain in the instant proceeding a Motion to Vacate Receivership on the ground that the Young County properties were no part of the properties in receivership; and since he cannot do that it necessarily follows that he cannot support the motion with the objective of retaining the fruits issuing therefrom.

It follows that Fikes' Motion to Vacate the Receivership was properly denied, hence there was no error in the trial court's decree to that effect.

Affirmed.