## MOORE et al. v. WOOTEN et al.
(No. 542–4282 and 7010.)

(Commission of Appeals of Texas, Section B.
April 28, 1926.)

**I. .Executors and administrators ⚖⇒388(2).**

Sale by administratrix of all decedent's interest in tract of land would include any interest whatsoever owned by him, whether separate or community in character.

**2. Husband and wife ⚖⇒276(3).**

All community property of a decedent is properly a part of his estate for administration.

**3. Executors and administrators ⚖⇒3(1).**

Administration of part only of estate of decedent would be improper.

**4. Husband and wife ⚖⇒276(6)—Sale by probate court of one-half interest of decedent in community property is only voidable, and passes title to all property so administered.**

Action of probate court in purposely or inadvertently administering only an undivided one-half interest of decedent in community property is not void, but voidable, and sale passes title to all property so administered.

**5. Husband and wife ⚖⇒276(6).**

Order of probate court for sale of undivided one-half interest of decedent in community property is not subject to collateral attack.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion for rehearing. Motion overruled.

For original opinion, see 280 S. W. 742.

SHORT, J. [1-5] The record abundantly supports our conclusion that the evidence shows without dispute that plaintiffs below did not discharge the burden of showing that the community interest of the Wootens extended to the entire 1,500 acres of land. But, if not, then clearly the evident intention of the administratrix and the court was to sell *all* the interest of the decedent in that tract. *All* interest of the decedent would of course include *any* interest whatsoever owned by him, whether separate or community in character. If *all* interest (community) of de-

ceased was sold and passed by the probate sale, then none remained to the heirs. We have not intimated, nor could be hold, that *all* the community property of a decedent is not properly a part of his estate for administration, for clearly it is. Nor have we held that it would be proper to administer a part only of the estate of a decedent, for it would not. But the jurisdiction of the probate court is broad enough, and its powers ample enough, that if it purposely or inadvertently does administer only the undivided one-half interest of the decedent in the community property, its action is not void, but its sale passes title to all the property so administered. Such a proceeding might work prejudice, of course, to an heir such as W. J. Wooten in this case, but no more so than would an order to sell the *separate* property of a decedent for the payment of a community debt in preference to the community property. Clearly such an order would not be void. It would only be voidable at most, certainly not subject to a collateral attack.

Here no attack is made on the judgment, as indeed there could not be in this collateral proceeding, but rather the contention is pressed that the probate proceedings do not show an actual sale of *all* the community interest of deceased in the entire 1,500 acres of land. We think they do. Whatever irregularities there have been, not being such as to render the proceedings absolutely void, they have been waived. The law of the case has been reached, and in all probability the right thereof has prevailed.

We recommend that the motion of defendant in error for rehearing be overruled.