C. P. HARPER, Appellant,

v.

Marie S. HARPER et al., Appellees.

No. 6410.

Court of Civil Appeals of Texas.

Amarillo.

May 24, 1954.

Rehearing Denied June 28, 1954.

Snodgrass & Calhoun, Amarillo, for appellant.

Ochsner & Lockhart, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an action brought by Marie S. Harper, a widow, Clifton L. Harper, Billy C. Harper, Garcy W. Harper, and Sandra W. Harper, a minor joined by next friend, Marie S. Harper, and Nancy C. Harper, a minor joined by next friend, Marie S. Harper, all as plaintiffs, against C. P. Harper as defendant for judgment for title and possession of the Northwest ¼ of Section 3 of the Roberts Subdivision of Parmer County, Texas, containing 160 acres of land, more or less. Plaintiffs alleged they were in possession of said property holding same in fee simple by reason of a parol gift made to the plaintiffs, Marie S. Harper and her deceased husband, Sanford Harper, by C. P. Harper or in the alternative were in pos-

session of such premises and holding same in fee simple by reason of a parol gift made by C. P. Harper to Sanford Harper, now deceased, and that thereafter on or about the fifth day of October, 1952, the defendant unlawfully entered upon and dispossessed them of such premises and withheld from them the title and possession thereof. Plaintiffs also filed their trial amendment in lieu of Paragraph IV of their second amended petition claiming they acquired the fee simple title to the premises by reason of plaintiffs having occupied, used, and enjoyed such premises claiming it as their estate and homestead for over ten years and having had peaceable, adverse possession of said lands and tenements with the use and enjoyment for over ten years and that the plaintiffs and Sanford Harper, deceased, occupied said premises under a claim of right as the fee simple owners of such property and that such claim of right as against the record owner, C. P. Harper, was known by the said C. P. Harper.

Defendant, appellant here, answered pleading not guilty and that the plaintiffs were attempting to claim title or right of title in and to the property by alleged parol gift contrary to Article 3995 and 1288 of Texas Revised Civil Statutes. Defendant as cross-plaintiff, appellant here, filed his cross-complaint alleging that whatever right, title, interest, or estate in such land and premises claimed by the cross-defendants, appellees here, was in all respects inferior and subordinate to the fee simple title to such land and premises vested in cross-claimant and that his title be cleared and quieted of any claims of the cross-defendants and for general and special relief.

The case was tried to a jury upon special issues as follows:

### "Special Issue No. 1"

"Do you find from a preponderance of the evidence that C. P. Harper, in the year 1935, made an oral gift of the land in controversy to Sanford Harper, to be held by Sanford Harper as his own? You will answer 'yes' or 'no.' "

### "Special Issue No. 2"

"If you have answered Special Issue No. 1 'no,' then you will not answer Special Issue No. 2, but if you have answered Special Issue No. 1 'yes,' then you will answer Special Issue No. 2, which is as follows:

"Do you find from a preponderance of the evidence that Sanford Harper and Marie S. Harper went into possession of said land in reliance of said oral gift, if you find there was an oral gift? You will answer 'yes' or 'no.' "

### "Special Issue No. 3"

"If you have answered Special Issue No. 1, 'no,' then you will not answer Special Issue No. 3, but if you have answered Special Issue No. 1 'yes,' then you will answer Special Issue No. 3, which is as follows:

"Do you find from a preponderance of the evidence that the improvements were placed on said land in reliance upon said oral gift, if any? You will answer 'yes' or 'no.' "

### "Special Issue No. 4"

"Do you find from a preponderance of the evidence that the Plaintiffs, Marie S. Harper and her children, in their own right and jointly with Sanford Harper, have had and held peaceable and adverse possession of the land in controversy, using, cultivating or enjoying the same, for any continuous period of 10 years prior to November 5, 1952, the date this suit was filed. You will answer 'yes' or 'no.' "

The jury answered "yes" to each of these questions. Appellant made and presented his motion for judgment non obstante veredicto but the same was overruled by the court and judgment was entered for the plaintiffs, appellees here. Appellant presented his motion for a new trial which being overruled appellant perfected this appeal.

We think the judgment should be reversed for several reasons. No issue being submitted and none being requested as to the claim that C. P. Harper gave Marie S. Harper part of the land, she has waived her right as to any claims she might have had by such purported gift and must rely upon the alleged gift to Sanford Harper and inheritance by appellees as his heirs on title by limitation. In reply to the first special issue, the jury found the land in question was given to Sanford Harper as his own by C. P. Harper. Thereafter the court granted judgment divesting title out of C. P. Harper and vesting fee simple title in the plaintiffs. Article 4613 of the Vernon's Civil Statutes of the State of Texas provides all property of the husband acquired after marriage by gift is his separate property. Article 2571 provides the wife is only entitled to a life estate in ⅓ of the land of her husband's estate where there is a child or children. If this property was the separate property of Sanford Harper, which it would have been if given to him, then the court erred in granting Marie S. Harper fee simple title to any part of the same as she would only have a life estate in ⅓. If Sanford Harper were the owner by virtue of the gift from his father, as found in Special Issue 1, and is now deceased, Marie S. Harper as his wife would only be entitled to a life estate in ⅓ of the land but if all the plaintiffs are entitled to title by limitation, as found by the jury in reply to Special Issue 4, then all the plaintiffs would be entitled to the property. Consequently, the answers to the two issues cannot be harmonized.

Appellant presents as his fifth point of error that the finding of the jury in response to Special Issue 1 is not supported by sufficient evidence and presents as his eighth point of error that the finding of the jury in response to Special Issue 4 is not supported by sufficient evidence. We will first consider appellant's eighth assignment.

Appellees pleaded their cause of action in the form of trespass to try title by virtue of a parol gift and also under the ten-year Statute of Limitation. Vernon's Ann.Civ.St. art. 5510. Where plaintiffs sue in trespass to try title and plead their titles specifically, they are bound by the title relied upon. Franzetti v. Franzetti, Tex. Civ.App., 124 S.W.2d 195, writ of error refused. By appellant's first assignment of error he complains of the court admitting testimony of heirship over appellant's objection on the part of the appellees because there was no proper pleading to authorize the same. Plaintiffs pleaded Sanford Harper was Marie S. Harper's deceased husband and that the rest of the plaintiffs were all of the children born to Marie S. Harper and Sanford Harper, now deceased. It is not shown by the pleadings what interest each of the plaintiffs are claiming but Marie S. Harper was permitted to testify that the plaintiffs, Clifton, B. C., Garcy, Sandra, and Nancy were the only children born to Marie S. and Sanford Harper. The undisputed evidence is that three of the children (plaintiffs) are married and do not live on the property but refer to the land as their mother's. Two of them reside in other counties. The pleadings allege that the plaintiff, Clifton L. Harper, resides in Castro County, Texas. There is insufficient evidence in this record to show that the plaintiffs, Clifton L. Harper, Billy C. Harper, or Garcy W. Harper are in possession of the land in question or are making any proper claim of title by virtue of the Statute of Limitation. Although it was shown by the testimony that Sanford Harper was deceased, no testimony was offered showing anything concerning the administration of his estate. In determining a similar point, the court in the case of Wilson v. Wilson, Tex.Civ.App., 216 S.W.2d 684, 685, writ refused N. R. E. by the Supreme Court, states:

"In Texas the rule is well settled that in a trespass to try title suit in the statutory language it is not necessary to allege that no administration is pending and none necessary. Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207. If during the trial, however, it

develops that the cause of action is one in which assets are involved which may be decreed a part of the decedent's estate, then it becomes necessary as a jurisdictional matter to prove that no administration is pending and none necessary; absent such proof, the proper judgment to be entered by the court is one of dismissal. In the instant case, a statutory trespass to try title suit, it was unnecessary for plaintiffs to include in their petition any allegation with reference to the pendency of an administration on the estate of J. C. T. Wilson, deceased. After it became apparent that the suit was one pertaining to part of the assets of J. C. T. Wilson's estate it became necessary to prove that there was no administration on his estate and none necessary."

By appellees' Exhibit 8 it is shown Mrs. Sanford Harper assessed the property in question for taxes for the year 1946 in the name of C. P. Harper by Mrs. Sanford Harper. Mrs. Marie Harper also delivered tax receipts covering this property to C. P. Harper.. C. P. Harper testified that Marie S. Harper and her attorney came to him and requested his permission for Mrs. Harper to drill an irrigation well on this property. When Mr. Harper replied they built a house on the land without his permission, the attorney replied the house could be moved and a hole in the ground couldn't. Part of the improvements made were also built on skids so could be removed. Mrs. Harper did not deny they had a conversation but stated they asked C. P. Harper for a deed and title to the place so she could put an irrigation well on the property and Mr. Harper said, "no". There is no question but what the original entry of Sanford Harper and Marie S. Harper was amicable. The entry was with the consent of C. P. Harper, the father of Sanford Harper. This being the nature of their possession in its inception, it was incumbent upon appellees to show by the subsequent open declarations or visible acts that their possession later became hostile. In determining what amounts to hostility, the re-lation which the possessors bear to the owner is important. Luhning v. Stewart, Tex.Civ.App., 103 S.W.2d 184, affirmed 134 Tex. 23, 131 S.W.2d 824. Appellant's eighth assignment of error is sustained.

The appellees did not plead a present gift at the time of taking possession, nor a taking and holding by them with the consent of the donor, nor that they made permanent and valuable improvements on the premises in reliance upon the gift with the consent or knowledge of the donor. We are of the opinion these matters should have been pleaded. They were necessary things to prove in establishing a gift of the property. In Henderson v. Henderson, Tex.Civ.App., 236 S.W.2d 154, 156, it is stated:

"'It is well settled that * * * a parol gift of real estate will be enforced in equity upon establishment of the fact of (1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor.' This holding has practically unanimous support in the decisions of Texas."

Marie S. Harper testified when asked what C. P. Harper said when the gift was made or whatever took place between C. P. Harper and her husband, "He told my husband and I that he was giving us a place and for us to improve it and keep the taxes paid and it would be ours, but he would hold the deed and title to it so the boy couldn't mortgage it." Then on cross-examination when asked, "And he gave you the use and profit of the land at that time?" she answered, "Well, he gave us the use of it, but it would be ours, and he would hold the deed and title to it so the boy couldn't mortgage it." This would not be a "present gift". It is nothing more than it would be theirs some time in the future providing they complied with the restrictions placed upon them by C. P. Harper, which restrictions were to be performed

in the future. As stated in United States **v.** Grossman, D.C., 55 F.2d 408, 411, "Considering the context, the use of the word 'would' in the two instances mentioned cannot refer to what the defendant Grossman did, but what he intended to do." Appellant's fifth assignment of error is sustained.

■ Since we feel this case must be reversed, the other assignments of error will not be discussed since they may not arise on another trial but in view of another trial we are of the opinion that, since Ester Harper was the brother of Sanford Harper and their father gave them the same amount of land at the same time under the same circumstances, the testimony of Ester Harper should be admitted under the rules stated in Texas Osage Co-operative Royalty Pool, Inc., v. Cruze, Tex.Civ.App., 191 S.W. 2d 47, at page 51.

"The general rule of res inter alios acta as applied by the courts of this State in civil cases is that each act or transaction sued upon must be established by its own facts and circumstances and cannot be established by the character or reputation of the parties, nor by acts or transactions of a like or similar nature by one of the parties with other persons, nor even by separate and independent like or similar acts or transactions between the same parties. 17 Tex.Jur., 379, § 131, and cases there cited; Houston Oil Co. [of Texas] v. Village Mills Co., Tex.Com. App., 241 S.W. 122; Stowe v. Wooten, Tex.Com.App., 62 S.W.2d 67, affirming Tex.Civ.App., 37 S.W.2d 1055. An exception to this general rule, stated in 17 Tex.Jur. 383, § 133, is that 'when the intent with which an act is done is material, other similar acts of the party whose conduct is drawn in question may be shown, provided they are so connected with the transaction under consideration in point of time that they may all be regarded as parts of a system, scheme or plan.' "

The judgment of the trial court is reversed and the cause remanded. Reversed and remanded.