Eugene GOSS et al., Appellants,

v.

Dawson PHILLIPS et ux., Appellees.

No. 6895.

Court of Civil Appeals of Texas.

Texarkana.

July 5, 1956.

Charles E. Coleman, Tyler, for appellants.

Spruiell, Lowry, Potter & Lasater, Ben Ferrell, J. Donald Guinn, Tyler, for appellees.

DAVIS, Justice.

On or about August 1, 1938, Dawson. Phillips and wife, Jessie Phillips, were the owners of a 10-acre tract of land, more or less, situated in the James A. Haynie Survey in Smith County, Texas. On such date, they were indebted to Helen Wadel in the sum of $1,000. An agreement was entered. into whereby Phillips and wife sold to Eugene Goss and wife, Irene Goss, an undivided ½ interest in and to said tract of land for the consideration of the assumption of ½ of the money due by Phillips and wife to Helen Wadel. Pursuant to the agreement, Goss and wife joined Phillips and wife in the execution of a note in the sum of $1,000 payable to Helen Wadel, and also joined in the execution of a Deed of Trust Lien upon said property. On the same date Phillips and wife executed a Warranty Deed to Irene Goss, as her sole and separate property, conveying to Irene Goss an undivided ½ interest in said property for the consideration of the sum of $10 and the assumption of the payment of ½ of the $1,000 note.

On April 27, 1949, Phillips and wife conveyed to Irene Goss, by warranty deed, a tract of land containing approximately ½ acre out of the center of the above 10 acres. Irene Goss died, intestate, on April 12, 1953, and without issue.

. In 1954, Phillips and wife filed suit against Eugene Goss to cancel the Warranty Deed executed by them to Irene Goss on August 1, 1938, and alleged as grounds therefor that about the year 1940, Goss and wife had decided not to carry out their part of the agreement to pay ½ of the $1,000 note, and requested Phillips and wife to return the money already paid by them, amounting to approximately $80. That Phillips and wife did not have the money to refund, but made another agreement to convey to them a lot if and when Phillips and wife paid off the

$1,000 note in return for the sum paid by Goss and wife. That pursuant to that agreement, and after the note had been finally paid and released, Phillips and wife executed a deed to Eugene Goss and Irene Goss for the lot. They further discovered in 1954 that the deed to Irene Goss dated August 1, 1938, had been filed for record on December 9, 1953, and constituted a cloud upon their title and sought cancellation for failure of consideration, etc.

On April 21, 1954, Eugene Goss executed a warranty deed to Charles E. Coleman, conveying to Coleman an undivided ¼ interest in said 10-acre tract of land. Coleman was made a party to the suit. Irene Goss was a sister to Dawson Phillips. All of her heirs were made parties to the suit but did not answer and suffered a default judgment to be taken against them.

Defendants-appellants, Eugene Goss and Charles E. Coleman, filed general denials, pleas of not guilty, innocent purchaser; and a cross-action.

Trial was to the court without a jury who rendered judgment for appellees cancelling the deed from Phillips and wife to Goss and wife, dated August 1, 1938, and denying recovery on the cross-action; hence the appeal.

When this case was submitted and argued orally, counsel for appellees admitted, in open court, that the record did not show that no administration was pending on the estate of Irene Goss or that one was not necessary. A careful examination of the record reveals, at least the possibility, of some outstanding debts against the estate of Irene Goss; therefore, we are confronted with a jurisdictional matter. Appellees alleged that no administration was pending upon the estate of Irene Goss and that none was necessary, but they failed to prove it. It is fundamental that if during a trial it develops that a case is one in which assets involved that may be decreed a part of decedent's estate, it then becomes necessary, as a jurisdictional matter, to prove that no administration is pending upon said estate and that none is necessary. Wilson v. Wilson, Tex.Civ.App., 216 S.W.2d 684, w/r N. R.E. Quoting from said decision, "'* * * absent such proof, the proper judgment to be entered by the court is one of dismissal.'" Harper v. Harper, Tex.Civ.App., 274 S.W.2d 930, 934, no writ history.

In view of the pleadings in the case, we think that a proper disposition is to reverse the judgment of the trial court and remand the cause for a new trial.

In view of another trial of this case, we will briefly discuss the points of error by appellants:

A careful examination of the record in this case reveals that appellants' Point 1 is without merit.

By Points 2, 3 and 4, appellants contend that the judgment of the trial court is not supported by the pleadings and the evidence. These points should be of much concern to appellees because of the manner in which certain exhibits were offered in evidence by appellees; some of the exhibits being offered "for all purposes", and without any allegations of fraud. When an exhibit is offered in such manner, the offerer is bound thereby. See Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500, w/r N.R.E., and authorities cited therein.

We suggest the study of necessary parties in this suit; being the parties who have acquired an interest in the land subsequent to the date of the deed sought to be cancelled.

The failure to prove that no administration was pending upon the estate of Irene Goss, deceased, being fundamental error, the judgment of the trial court is reversed and the cause is remanded.