**Frank DAMES and Frank Ragusa, Appellants,**

v.

**Katie STRONG, Appellee.**

**No. C14–82–348CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1983.

Samuel Biscoe, Jesse Oliver, Dallas, for appellants.

J.F. Svetkik, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is a trespass to try title case. The trial court awarded title and possession of realty to Appellee, and Appellants have appealed. We affirm.

In 1960, Appellee married Colonel Strong. In February, 1965, Colonel Strong died. Appellee, as administratrix of the deceased's estate, executed a warranty deed, conveying the real property in question to herself as Grantee. She then recorded the deed on August 11, 1969, in Harris County. Sometime in 1978, the Harris County Tax Office advised Appellee that Appellants attempted to pay taxes on the same property. Appellee then filed this lawsuit to remove any cloud on her title.

■ In Appellants' first point of error, they contend that Appellee failed to present any competent evidence that the Administratrix's Deed effectively conveyed title to the property. Appellants allege, "Appellee plead [sic], yet failed to prove, her title deraigned [sic] from the ultimate distribution of the Estate of Colonel Strong to her. The sole evidence *attempted* to be presented to the Court of her *heirship* and distribution aforesaid, was that certain Administratrix's Deed ..." (emphasis added). This is an incorrect statement of the record. Appellee pled ownership by heirship and attempted to prove it by testimony; however, Appellants filed a *Motion in Limine* to exclude heirship evidence, and Appellants' objection to heirship evidence was sustained. Appellants argued to the court that Appellee had specially pled her claim to title under the Administratrix's Deed, and was therefore limited to presenting evidence only about such deed.

As a general rule, a plaintiff who specially pleads his title is restricted in his proof to evidence of the title thus pleaded. He may not introduce proof of any other title. The theory behind this rule is that by pleading one title the party impliedly admits that he claims under the title so pleaded, and under no other.

56 TEX.JUR.2d *Trespass To Try Title* § 111 (1964). A plaintiff in a trespass to try title case has two choices in his pleading. He can generally plead under TEX.R.CIV.P. 783, or he can list all the various causes of action under which he is claiming. He is not limited to pleading only one specific element of his right to title. *Harper v. Harper,* 274 S.W.2d 930 (Tex.Civ.App.— Amarillo 1954, no writ).

In her pleading, Appellee mistakenly asserted that her husband died "leaving no surviving heirs." This was obviously an error. Appellee further alleged she was appointed Administratrix of her husband's estate and it is obvious from the record as a whole that Appellee was claiming she was Colonel Strong's only heir. In their Motion in Limine, Appellants asserted that Appellee was not claiming to be an heir of Colonel Strong. Subsequently, Appellants successfully excluded heirship evidence.

[T]he proof offered must substantially correspond to the allegations of the pleadings, and any material variance is fatal. However, every failure of conformity of proof to the pleading does not constitute a fatal variance. To be material, a variance between the pleadings and evidence must be such as to mislead or surprise the adverse party.

56 TEX.JUR.2d *Trespass To Try Title* § 115 (1964). Appellants were clearly not surprised, since they used Appellee's pleading error to file a Motion in Limine to exclude evidence of heirship.

■ In trespass to try title, the law is well-settled that the burden is upon the plaintiff to prove a *prima facie* right of title and possession. *Tate v. Johnson,* 140 S.W.2d 288 (Tex.Civ.App.—Fort Worth 1940, writ dism'd judgmt cor.). The Administratrix's Deed presented by Appellee meets this standard.

If it could be argued that the land was "sold" (Katie Strong as Administratrix sold it to herself for $1.00) by Katie Strong, Administratrix (Grantor), to herself (Grantee), then TEX.PROB.CODE ANN. § 356 (Vernon 1980) would apply:

When real estate is sold, the conveyance shall be by proper deed which *shall refer to and identify the decree of the court confirming the sale.* Such deed shall vest in the purchaser all right, title, and interest of the estate to such property, and *shall be prima facie evidence* that said sale has met all applicable requirements of the law. (emphasis added).

Since the Administratrix's Deed identifies the decree of the court that was entered on July 22, 1969, it would be prima facie evidence of the authority for such conveyance, if it were a sale and if the decree were a confirmation. Furthermore, TEX.PROB.CODE ANN. § 27 (Vernon 1980) provides for the enforcement of specific performance of a contract to convey title. The section concludes with this statement:

When a conveyance is made under the provisions of this Section, *it shall refer to and identify the decree of the court authorizing it,* and, when delivered, shall vest in the person to whom made all the right and title which the testator or intestate had to the property conveyed; and such conveyance shall be *prima facie evidence* that all requirements of the law have been complied with in obtaining the same. (emphasis added).

By such statutes, the Legislature obviously intended that a buyer or seller of land could establish a prima facie case without resorting to probate records. However, in the instant case, title to the land was conveyed but the land was not "sold." In actuality, Appellee is a distributee, as the Administratrix's Deed declares, in part:

[i]n furtherance of and in order to carry out the order and judgment of the Probate Court of Dallas County, Texas, made and entered on July 22, 1969 in Cause No. 62,533–P, styled Estate of Colonel Strong, Deceased, in which said Order and Judgment it was decreed that the hereinafter described property be *distributed* to the said Katie Strong individually, and be conveyed to her by Deed of said Administratrix ... (emphasis added).

Although such a deed is unnecessary to convey title to an heir or distributee, it is not unknown for a probate court to require such a deed:

[t]he court may require the personal representative to make a deed of conveyance for each part of any land that is divided, although the title of a distributee does not depend on the execution of such a deed.

18 TEX.JUR.2d *Decedent's Estates* § 921 (1960). A deed of conveyance was unnecessary for Katie Strong to execute, since according to TEX.PROB.CODE ANN. § 38(b)(2) (Vernon 1980), title vests in the surviving spouse if he or she is the sole heir of one who dies intestate.

In order to effect distribution when realty is incapable of division, TEX. PROB.CODE ANN. § 381 (Vernon 1981) provides for the sale of the realty, and Subsection (d) therein states that the other provisions of the code relating to sales shall apply. Thus, the Legislature intended the benefit of a prima facie case to also extend to a buyer where the sale was made to effect a partition and distribution. However, the Probate Code is silent as to whether or not the benefit of a prima facie case should extend to a deed which is the result of a mere distribution, as opposed to a sale. When the probate court orders a distribution and the deed recites the court order, there is no reason why the benefit of a prima facie case should not exist. We hold that a deed, which refers to and identifies the decree of the court which ordered the distribution, is prima facie evidence that such distribution was made by order of the court. The trial court did not err when it found that the Administratrix's Deed from Katie Strong, Administratrix, to Katie Strong, individually, created a presumption that authority existed for such conveyance. Since Appellants presented no evidence to rebut the presumption, the court found that authority existed for the conveyance. Appellants' first point of error is overruled.

Although the Administratrix Deed was *prima facie* evidence that Appellee's title came from Colonel Strong, Appellee still needed to prove that: 1) Appellants' deed

was in a chain of title from Colonel Strong; and 2) Appellee's title was better than Appellants'. "To prove title from a common source, plaintiff must connect his title with the common source by a complete chain of title, connect defendant's title to the same source, and prove the superiority of his claim or title to that of defendant." 56 TEX.JUR.2d *Trespass To Try Title* § 121 (1964). *See also Smith v. Little,* 217 S.W.2d 881, 884 (Tex.Civ.App.—Galveston 1949, writ ref'd n.r.e.); *Tasher v. Foster Lumber Co.,* 205 S.W.2d 665, 670 (Tex.Civ. App.—Beaumont 1947, no writ). Appellee attempted to prove common source by introducing into evidence a deed allegedly from Colonel Strong to Jesse Steward Ward, and a deed from Jesse Steward Ward to Appellants. Appellee then attempted to prove superior title by showing that the deed from Colonel Strong to Jesse Steward Ward was a forgery. After Appellee rested her case, Appellants rested their case. Appellants introduced no evidence to rebut Appellee's prima facie case. On appeal Appellants do not address the issue of the forgery. Points of error two and five concern the deed from Strong to Ward. Points of error three and six concern the deed from Ward to Appellants.

■ In point of error five, Appellants contend that the trial court erred in admitting into evidence the deed from Colonel Strong to Ward, since Appellee had failed to give notice of the intent to use a certified copy. However, counsel for Appellants admitted at the beginning of the trial that he had received notice. Furthermore, such notice is contained in the record as part of Defendant's Exhibit One. Appellants argue that the notice they received was insufficient because no reference was made to the volume and page where it was recorded. Appellants are mistaken in their interpretation of TEX.REV.CIV.STAT.ANN. art. 3726 (Vernon Supp.1982–1983), and offer no case law in support of their position. The second part of art. 3726 requires reference to volume and page when the plaintiff is requesting the County Clerk to deliver the recorded instruments to the court on the day of the trial. However, the copies of the deeds offered into evidence by Appellee are governed by the first part of the statute. The record shows that Appellee's required affidavit and notice of intent to use certified copies of all three deeds were filed on January 6, clearly more than the required three days before the trial, which began January 11. Thus, Appellee complied with art. 3726 in giving notice to Appellant of intent to use certified copies of the three deeds in question. The trial court did not err in admitting into evidence a copy of the deed allegedly from Strong to Ward. Appellants' fifth point of error is overruled.

In their second point of error, Appellants assert that there is no evidence of a deed from Colonel Strong to Ward, since it was never offered into evidence. The record shows otherwise. A copy of the deed allegedly from Colonel Strong to Ward was marked "Pendergraff Ex. No. 1", and was admitted into evidence. Appellants' second point of error is overruled.

■ In their sixth point of error, Appellants contend that the court erred in admitting into evidence the deed from Ward to Appellants since Appellee had failed to give notice of intent to use a certified copy. Such notice was, in fact, timely and properly given, as discussed under the fifth point of error above. It should be noted that Appellants had actual notice, more than a year before the trial, of the intent to use a copy of such deed, since counsel for Appellants themselves had requested at the deposition of Frank Dames, on September 18, 1979, that the deed from Ward to Appellants be admitted without objection at the trial. The trial court did not err in admitting into evidence the deed from Ward to Appellants. Appellants' sixth point of error is overruled.

In their third point of error, Appellants assert that there is no evidence of a deed from Ward to Appellants, since it was never offered into evidence. The record shows that a copy of that deed was an attachment to the deposition of Frank Dames, and the deposition, along with the attachment, was admitted into evidence. The copy of the

deed from Ward to Appellants was marked "Dames Ex. 1" and was admitted into evidence. Appellants' third point of error is overruled.

■ In point of error four, Appellants contend the trial court erred in finding that both parties derived title from Colonel Strong, since there was no evidence of any chain of title from Colonel Strong to Appellants. Since we overruled Appellants' points of error two, three, five and six, it is clear that there was in evidence a copy of a deed allegedly from Colonel Strong to Ward, and a copy of a deed from Ward to Appellants. The trial court did not err in finding that both parties were claiming as a common source, title from Colonel Strong. Point of error four is overruled.

■ In point of error seven, Appellants argue that the trial court erred in denying Appellants' motion for judgment, since Appellee had failed to present a prima facie case establishing chains of title from a common source. We overruled all points of error attacking Appellee's chains of title. The record shows that Appellee presented a prima facie case of common source in Colonel Strong, and also demonstrated the superiority of her Administratrix Deed to the forged deed under which Appellants were claiming. The trial court did not err in denying Appellants' motion for judgment. Appellants' seventh point of error is overruled.

■ In her cross-point, Appellee contends that the court erred in sustaining Appellants' objections to the introduction of heirship evidence. Under TEX.PROB. CODE ANN. § 38, if Katie Strong was the sole surviving heir, she was entitled to all of her husband's estate, and title vested in her immediately upon his death. Further, the sole heir has equitable title to an estate. *Robinson v. Seales,* 242 S.W. 754 (Tex.Civ. App.—Galveston 1922, no writ). "Equitable title is sufficient to support a plaintiff's action in trespass to try title." 56 TEX. JUR.2d *Trespass To Try Title* § 10 (1964). However, Appellee failed to make a Bill of Exceptions showing what heirship evidence would have been presented. We cannot consider that which is not preserved for review. To enable us to properly pass on proffered testimony, the record should show what questions would have been asked, what the answers would have been, and what was expected to be proved by the answers. *Bell v. Bradshaw,* 342 S.W.2d 185 (Tex.Civ.App.—Dallas 1960, no writ). Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.