PRIDE EXPLORATION, INC., et al.,
Plaintiffs-Appellants,

v.

MARSHALL EXPLORATION, INC.,
Defendant-Appellee.

No. 85–2541.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1986.

---

Harold Brown Cameron, Jr., Tyler, Tex., for plaintiffs-appellants.

Johnny R. McCollum, Dean A. Searle, Longview, Tex., for defendant-appellee.

Before GOLDBERG, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this diversity case, the district court held that appellee Marshall Exploration, Inc. (Marshall) was not in breach of a contract to purchase the working interest in oil and gas leases from appellants Pride Exploration, Inc. and others (Pride). The court found that Pride had failed to deliver the interest as required by the contract. Upon timely appeal by Pride, we reverse and remand for a new trial.

Pride had agreed to deliver the full 100 percent of the working interest in certain Texas oil and gas leases to Marshall in exchange for $48,487.50. The leases were known as the "Winston Taylor leases." The working interest in the leases was held jointly by numerous parties, including the Lexco 81–2 Drilling Program (Lexco) with 20.375 percent, Latham Exploration Company with 2 percent, and James Latham with 2 percent. Marshall and Pride agreed that one working interest owner, E.S. Boase, would secure assignments from the other owners and would then convey the entire interest to Marshall.

This case arose as a result of Marshall's refusal to accept the leases and to pay the purchase price for them. Pride brought a suit for breach of contract seeking damages of $48,487.50. The district court held that a contract between the parties existed, but that Marshall had justifiably refused to perform because Pride had failed to deliver the required 100 percent of the working interest. The district court's holding was based upon a finding that as part of the collecting of the 100 percent interest a proported assignment of Lexco's working interest to Boase was not adequate to convey marketable title.[1] The court made its rul-

1. The judge issued an oral finding from the bench. There was no statement as to the specific defect or defects he found in Lexco's assignment.

ing in the middle of the trial, determining that no further testimony was necessary once the Lexco assignment was declared invalid. On appeal to this Court, Pride urges that the district court erred in holding that the Lexco assignment did not transfer marketable title under Texas law.

Lexco is a limited partnership of which Latham Exploration and James Latham are general partners. The partnership agreement provided that Lexco's property could be conveyed solely by the "program operator." At all relevant times, Latham Exploration was Lexco's designated program operator and was in bankruptcy. William Sandoz was the trustee-in-bankruptcy of Latham Exploration.

The assignment at issue, Appendix A, showed "Lexco by James A. Latham, General Partner" as the grantor of the working interest. The instrument contained Lexco's signature "by James A. Latham, General Partner, and INDIVIDUALLY." Additionally, Latham Exploration's name was typed below James Latham's signature and was signed by Sandoz. Nothing in the instrument indicated that Latham Exploration was signing in its capacity as Lexco's program operator, or in any other way specifically connected Latham Exploration with Lexco.

■ Appellee claims two defects in the Lexco assignment. First, the granting clause named "Lexco by James A. Latham, General Partner" as the assignor. As both parties agree, James Latham had no authority under the limited partnership agreement to convey Lexco's interest because he was not the "program operator." Lexco, however, was properly named as the grantor. The fact that James Latham was erroneously identified as the party transferring the interest on Lexco's behalf was merely surplusage, and did not affect the validity of the assignment. *Terry v. Zaffran*, 483 So.2d 526, 527 (Fla.App.1986).

■ Second, the document failed to recite that Sandoz, the trustee-in-bankruptcy of Latham Exploration Company, was conveying Lexco's interest in his capacity as Lexco's program operator.[2] Ideally, the signature line should have contained the word "by" in front of Latham Exploration Company's name and should have disclosed the status of Latham Exploration as "program operator."

■ Surprisingly, we have discovered virtually no case law, including Texas cases, dealing with the question of whether a conveyance, properly naming the grantor and signed by the proper party, is nevertheless invalid because the signer failed to indicate the capacity in which he signed. Our review of the few applicable cases convinces us that it did not render the title unmarketable for the document to lack a specific statement that Sandoz as trustee-in-bankruptcy for Latham Exploration Company held the power to convey the Lexco interest.

■ Technical words and phrases are not controlling in deeds. *Atlantic Richfield Co. v. Exxon Corp.*, 663 S.W.2d 858, 867 (Tex.App.—Houston 1983), *aff'd* 678 S.W.2d 944 (Tex.1984). If a grantor and grantee can be determined from the whole of the instrument, and the document is signed and acknowledged by the grantor, then the document accomplishes a legally effective conveyance. *Id.* The cases found indicate that failure of a signer of a real estate conveyance to indicate the capacity in which he is signing the document does not render the title unmarketable. *Ford v. Warner*, 176 S.W. 885, 888 (Tex. Civ.App.1915); *Odell v. Kennedy*, 26 Tex. Civ.App. 439, 64 S.W. 802 (1901, writ ref'd); *Bennett v. Virginia Ranch & Cattle Co.*, 1 Tex.Civ.App. 321, 21 S.W. 126, 128 (1892). The rule was stated by a Kentucky court in the context of a corporate real estate conveyance as follows: "Regardless of the form of the signature, the body must show that it is the act of the corporation. This

---

**2.** As the trustee-in-bankruptcy of the program operator, Sandoz was the proper party to transfer Lexco's interest in the lease. 11 U.S.C.

§ 363(c)(1). Marshall does not dispute the authority of Sandoz to transfer the working interest.

done, it is sufficient if it is signed by the proper officer or officers, with or without the name of the office held by the signer." *Christian v. Johnson*, 556 S.W.2d 172, 173 (Ky.Ct.App.1977). Marshall has cited no authority for the proposition that a failure to identify Latham Exploration as Lexco's "program operator" on the document prevented a transfer of marketable title.[3] We hold that the assignment at issue was sufficient under Texas law to transfer Lexco's working interest to Boase.

The district court ruled for Marshall in the middle of the trial when it determined that no further testimony was necessary because Lexco's assignment was invalid. Marshall asserts that it had additional defenses to this action which were never presented because of the truncated nature of the proceedings. In view of our holding that the Lexco assignment was effective, we remand for a new trial.

REVERSED and REMANDED.

## APPENDIX

ASSIGNMENT OF OIL, GAS AND MINERAL LEASES

THE STATE OF TEXAS :

: KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF HARRISON :

James A. Latham, General Partner
That LEXCO 81-2 DRILLING PROGRAM ,by , whose address is 323 Ricardo ...... Oil and Gas Bldg, Shreveport, LA 71101 , hereinafter called "Assignor" is the owner of the oil, gas and mineral leases described below, hereinafter called "Subject Leases".

NOW THEREFORE, for the consideration of ONE HUNDRED DOLLARS ($100.00) and other good, valuable and adequate consideration, the receipt of which is hereby acknowledged by Assignor, the said Assignor does hereby grant, bargain, sell and convey all of his rights, title and interest in the Subject Leases hereinafter described to E. S. BOASE, whose mailing address is Post Office Box 323, Carthage, Texas 75633, hereinafter called "Assignee".

(1) Lessor: Winston Taylor et ux
    Lessee: E. S. Boase
    Date: August 27, 1981
    Recorded: Volume 946, Page 289
    Deed Records of Harrison County, Texas

(2) Lessor: Travis Peak Royalty Corp.
    Lessee: E. S. Boase
    Date: September 28, 1981
    Recorded: Volume 946, Page 292
    Deed Records of Harrison County, Texas

The Assignor makes no warranty regarding the title to the assigned premises either in law or equity, except that Assignor warrants against anyone asserting an adverse claim of title to the Subject Leases that arises by, through, or under any act of Assignor; but this Assignment is made with trans-

---

3. Many cases indicate that when a signer is not named in the granting clause, he is not bound by the conveyance. For example, in *Young v. Magee*, 196 S.W.2d 203 (Tex.Civ.App.—Texarkana), *aff'd* 145 Tex. 485, 198 S.W.2d 883 (1946), a husband and wife attempted to convey property owned jointly, and both signed the deed. The husband, however, was not named as grantor. The court held the document ineffective as a conveyance. *Id.* at 205. These cases are inapposite to the present case, because Lexco was properly named as grantor. *See Creosoted Wood Block Paving Company v. McKay*, 211 S.W. 822 (Tex.Civ.App.—Dallas 1919) (deed naming as grantors "McKay and wife" was effective to convey wife's interest even though she was not designated by name in granting clause).

fer and subrogation rights and actions of warranty which Assignor may have as to the interest assigned.

This instrument shall be binding upon and inure to the benefit of Assignor and Assignee and their respective heirs, successors and assigns.

This instrument is executed this _14th_ day of April, 1984.