**ESTATE OF Ethel Arnetta HERRING, Deceased.**

No. 13–98–267–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 19, 1998.

Rehearing Overruled Jan. 7, 1999.

Paula Waddle, Corpus Christi, for Appellant.

Richard P. Corrigan, San Antonio, Donald Kubicek, Sinton, Robert L. Joseph, Joseph & Whatley, Sinton, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

SEERDEN, Chief Justice.

This is an interlocutory appeal from the trial court's appointment of a receiver to complete the sale of a certain tract of real property being administered within the estate of Ethel Arnetta Herring.[1] The decedent's husband and co-owner of the property, Lemuel O. Herring, complains by four issues on appeal that the estate failed to post the required bond, that there were no pleadings or evidence to support the appointment of a receiver, and that the trial court should have abated appointment of a receiver pending trial of related matters. We affirm the order of the trial court appointing a receiver.

It is undisputed that Lemuel and Ethel Herring purchased the tract of land during the course of their marriage in 1962, taking title in both of their names, and that the tract became a part of their community estate. *See Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex.1975); *Whorrall v. Whorrall*, 691 S.W.2d 32, 35–36 (Tex.App.—Austin 1985, writ dism'd w.o.j.) (real property acquired during marriage and in the name of both spouses is presumed to be community property).

---

**1.** This Court recently reversed a summary judgment in a related lawsuit by Herring against his late wife's estate for fraud on the community in connection with certain transfers that the wife had made to her son. *See Estate of Herring*, 970 S.W.2d 583 (Tex.App.—Corpus Christi 1998, no pet.).

## Administration of Community Property

■ The community assets of an estate, although they may vest in the surviving spouse and heirs upon the decedent's death, are held subject to the payment of community debts and subject to the right of a duly appointed and qualified personal representative to have possession and control under orders of the court during administration. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971); *Chanowsky v. Friedman*, 219 S.W.2d 501, 503 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.); *see also* TEX. PROB.CODE ANN. § 177(b) (Vernon 1980) (executor is authorized to administer all community property subject to the sole or joint management of the deceased spouse).

■ Accordingly, upon the granting of letters of administration, control over the entire community property passes under the jurisdiction of the probate court for purposes of the administration and settlement of the estate, and the entire community property is regarded in law as belonging to the estate while such administration is pending in the probate court. *Lovejoy v. Cockrell*, 63 S.W.2d 1009, 1010 (Tex. Comm'n App.1933, judgm't adopted); *Cook v. Hunter*, 389 S.W.2d 94, 95 (Tex.Civ.App.—Waco 1965, no writ). Moreover, while under the jurisdiction of the probate court, all community property, including the half-interest of the surviving spouse, is subject to administration and sale by the probate court as a part of the estate of the deceased spouse. *See Moore v. Wooten*, 283 S.W. 153 (Tex. Comm'n App.1926) (on rehearing).[2]

■ When Ethel died and an administrator was appointed over her estate, the tract of land thus passed, along with her other assets, into the management and control of the administrator of her estate. During the administration of the present estate, the trial court issued an order dated July 20, 1995, authorizing the administrator, then Katina Brauchle, to sell this tract of land. *See* TEX. PROB.CODE ANN. § 331 *et seq.* (Vernon 1980 & Supp.1998) (Proceedings During Administration—Sales). The administrator of the Herring estate thus had the authority, by order of the probate court, to convey the entire community interest in the property, including Lemuel's interest therein, to a third party. *See Moore*, 283 S.W. at 153.

To that end, when a sale of real property is ordered and approved by the probate court, the administrator has the power and authority to execute a deed transferring title to such property. *See* TEX. PROB.CODE ANN. §§ 355—357 (Vernon 1980); *Odell v. Kennedy*, 26 Tex.Civ.App. 439, 64 S.W. 802 (Tex. Civ.App.1901, writ ref'd); *Dames v. Strong*, 659 S.W.2d 127, 130 (Tex.App.—Houston [14th Dist.] 1983, no writ).[3] There is no additional requirement for the holder of a community interest in the property to join in the deed, any more than the beneficiaries of the decedent's estate are required to join in such a conveyance.

Nevertheless, the trial court later issued an order compelling Lemuel to sign the deed in question. Lemuel has refused and, rather than move for contempt, the present successor administrator, Donald Kubicek, sought appointment of a receiver for the sole purpose of completing the sale and conveyance of the property. The trial court heard the motion and appointed a receiver to sell the property and distribute the proceeds, finding that the estate has present debts which could only be satisfied out of the proceeds of a sale of the property, and that the estate presently has a sales contract for the property which Herring refuses to convey. From that order, Lemuel brings the present interlocutory ap-

---

**2.** Although not relevant to the present case, we note that the Probate Code does provide an alternate procedure whereby the surviving spouse may qualify as a "community administrator" to manage and control community assets under the oversight of the probate court, in a manner similar to that of a statutory trustee. *See* TEX. PROB. CODE ANN. § 161 *et seq.* (Vernon 1980 & Supp. 1998); *Harrison v. Parker*, 620 S.W.2d 102 (Tex. 1981).

**3.** Section 355 specifically provides for the probate court to issue an order "authorizing the conveyance of the property *to be made by the representative of the estate*" (emphasis added), and that such an order has the effect of a final judgment regarding the sale. Section 356 then provides for conveyance by deed, and section 357 provides for execution and delivery of the deed by the representative of the estate.

peal, raising four issues challenging the right of the trial court to appoint a receiver.

By his first issue on appeal, Herring complains that Donald Kubicek, as administrator of the estate, failed to post an applicant's bond when he applied for the appointment of a receiver. Texas Rule of Civil Procedure 695a generally requires the applicant for a receiver to file a bond with the clerk "conditioned for the payment of all damages and cost in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property."

### Probate Code Exemption

We note initially that the Texas Probate Code excuses the administrator of an estate from the requirement of posting "security for costs" in any suit brought by him in his fiduciary capacity. TEX. PROB.CODE ANN. § 12(c) (Vernon Supp.1998); *see Rodeheaver v. Alridge,* 601 S.W.2d 51, 54 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (interpreting Texas Revised Civil Statute article 2072 (the predecessor to Probate Code § 12(c)) as exempting the personal representative from payment of advance deposits to serve as security for costs). "Costs" usually refer to fees and charges required by law to be paid to the courts or some of their officers, the amount of which is fixed by statute or the court's rules, e.g., filing and service fees. *See Ex parte Williams,* 866 S.W.2d 751, 753 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Westech Engineering v. Clearwater Constructors,* 835 S.W.2d 190, 206 (Tex. App.—Austin 1992, no writ).

■ However, the purpose of a Rule 695a bond is to secure the payment of not only court costs, but also all damages which might be sustained by reason of the appointment of the receiver. *Continental Homes Co. v. Hilltown Property Owners Ass'n, Inc.,* 529 S.W.2d 293, 295 (Tex.Civ.App.—Fort Worth 1975, no writ); *King Land & Cattle Corp. v. Fikes,* 414 S.W.2d 521, 525 (Tex.Civ. App.—Fort Worth 1967, writ ref'd n.r.e.). Accordingly, section 12(c) of the probate code does not excuse the administrator of an estate from posting a Rule 695a bond to protect against such damages. *Cf. Williams v. City of Tom Bean,* 688 S.W.2d 618, 620 (Tex.

App.—Dallas 1985, no writ); *Cone v. City of Lubbock,* 431 S.W.2d 639, 645–46 (Tex.Civ. App.—Amarillo 1968, writ ref'd n.r.e.) (recognizing that an exemption from giving security for costs does not apply to the requirements of Texas Rule of Civil Procedure 684 for security to protect an adverse party from the harm which might be caused by a requested temporary injunction).

### Applicability of the Filing Requirement

■ Filing of the applicant's bond is a condition precedent to the right of the receiver to function as such. *King Land & Cattle Corp.,* 414 S.W.2d at 525. Accordingly, the trial court is not authorized to appoint a receiver in the absence of an applicant's bond filed in compliance with Rule 695a, and noncompliance requires reversal of the order appointing the receiver. *Rubin v. Gilmore,* 561 S.W.2d 231, 234 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Continental Homes Co.,* 529 S.W.2d at 295.

■ However, the bond requirements of Rule 695a do not apply to the appointment of a post-judgment receiver under the separate authority of the turnover statute, under which the decision as to whether a bond is necessary falls within the discretion of the trial court. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(b)(3) (Vernon 1997); *Schultz v. Cadle Co.,* 825 S.W.2d 151, 154–55 (Tex.App.—Dallas 1992, writ denied); *Childre v. Great Southwest Life Ins. Co.,* 700 S.W.2d 284, 285–89 (Tex.App.—Dallas 1985, no writ). When a receiver is appointed pursuant to the turnover statute, "[t]here is a strong view that since the underlying obligation has been determined by final judgment, the judgment debtor will not be harmed if no bond … is required." *Schultz,* 825 S.W.2d at 155; *Childre,* 700 S.W.2d at 289 (both quoting Hittner, *Texas Post–Judgment Turnover and Receivership Statutes,* 45 TEX. BAR J. 417, 420 (Apr.1982)).

■ The same general considerations apply to the present appointment of a receiver for the purpose of enforcing the present order of sale. Though not labeled as a request for turnover relief under section 31.002(b)(3), that is effectively what the estate sought

under the present application—to enforce the turnover of a tract of land as ordered by the probate court. Accordingly, we hold that the bond requirements of Rule 695a do not apply to the present application for a receiver. We overrule Herring's first issue on appeal.

### Equitable Basis for Appointment of a Receiver

By his second and third issues on appeal, Herring complains that there were no pleadings or evidence to support the appointment of a receiver. The Texas receivership statute provides for the appointment of a receiver in a number of specific instances, but also allows generally for the appointment of a receiver "in any other case in which a receiver may be appointed under the rules of equity." TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(7) (Vernon 1997).

 The appointment of a receiver lies within the sound discretion of the trial court. *O & G Carriers, Inc. v. Smith Energy 1986–A Partnership,* 826 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Cross v. Cross,* 738 S.W.2d 86, 89 (Tex. App.—Corpus Christi 1987, writ dism'd w.o.j.); *B & W Cattle Co. v. First Nat'l Bank,* 692 S.W.2d 946, 951 (Tex.App.—Amarillo 1985, no writ).

In the present case, Kubicek filed a sworn application for appointment of a receiver in order to carry out the probate court's order for the sale of the property in question. Herring did not dispute the existence of this order either by his pleadings or at the hearing thereon, but complained rather about a separate claim that he urged against the estate and his deceased wife's children for fraud on the community. *See Estate of Herring,* 970 S.W.2d 583.

In the past, this Court approved of the appointment of a receiver to partition property within an estate where the heirs cannot agree, noting that "the appointment of a receiver will solve most, if not all, of the vexations and problems confronting the parties on the issue of partition, as well as management of the properties." *Gonzalez v. Gonzalez,* 469 S.W.2d 624, 632 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.).

Likewise, in the present case, we conclude that it fell within the probate court's discretion to appoint a receiver to carry out the order of sale. The application clearly asked for enforcement of the prior order, and the prior order clearly gave the administrator the authority to sell the property. Moreover, we fail to see how Herring is harmed by the appointment of a receiver to take an action which, as noted above, Kubicek had full authority to take on his own as administrator of the estate. We overrule Herring's third and fourth issues on appeal.

By his fourth issue on appeal, Herring argues that the probate court should have granted his request to abate the order appointing a receiver pending the disposition of his separate claims for fraud on the community. The fact that Herring has made allegations of fraud that might affect the composition of the estate, or the amount Herring may ultimately receive for his community interest, does not deprive the trial court of its ability to carry out the prior order of sale before the opportunity for that sale is lost. We overrule Herring's fourth issue on appeal.

We AFFIRM the order of the trial court appointing a receiver.